IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARY ELLEN KERSEY d/b/a
Kersey and Company,**

      Plaintiff,

vs.                                                                              Civ. No. 04-758 ACT/RLP

**WADE H. HOVER, Trustee of
the Edith A. Thomas Trust,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon Plaintiff's Opposed Motion to Remand Case to State District Court filed July 26, 2004. Docket No. 8. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Plaintiff's Motion is well taken and will be granted.

Background.

Plaintiff filed a Complaint for Money Owing and for Foreclosure of Oil and Gas Liens ("Complaint") in the Fifth Judicial District Court for the State of New Mexico. Her Complaint seeks to recover unpaid operating expenses incurred in the operation of oil and gas wells. The Complaint asserts two alternative claims for relief seeking to recover $25,758.23, plus attorney's fees of at least $5,306.25. Defendant filed a Notice of Removal on July 2, 2004. Docket No. 1.

1

The basis for removal is diversity jurisdiction. The amount in controversy must exceed $75,000 to meet the jurisdictional minimum for diversity jurisdiction. 28 U.S.C. §1332. Defendant relies on his counterclaim to meet the amount in controversy requirement.

Legal Standard.

Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) ("The intent of Congress in passing the removal statutes was to restrict federal court jurisdiction."). "There is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)(citation omitted). Moreover, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). "Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court ....'" *Id*.

The removing party bears the burden of establishing the underlying facts establishing the amount in controversy. *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109 (D.N.M. 2000). All doubts must be resolved against removal. *Id*.

Discussion.

The issue before the Court is whether the amount in controversy requirement is satisfied by the value of a counterclaim.[1] The Tenth Circuit has not ruled on this precise issue. The majority of the court which have addressed this issue do not allow consideration of counterclaims

---

[1] Plaintiff appears to assert that Defendant filed his counterclaim after the Notice of Removal and Defendant asserts that the Notice of Removal and his counterclaim were filed on the same day. When the counterclaim was filed is not relevant to the court's ruling.

as a basis for exercising federal diversity jurisdiction.[2]  14B Charles A. Wright, et al., *Federal Practice and Procedure* §3725 (3d ed. 1998) ("The traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim."); *Mesa Indus., Inc. v. Eaglebrook Prods., Inc.*, 980 F. Supp. 323, 326 (D. Ariz. 1997); *Hill v. MONY,* 75 F. Supp. 2d 1328 (M.D. Ala 1999)*;   First Guar. Bank & Turst Co. v. Reeves,* 86 F. Supp. 2d 1147 (M.D. Fla. 2000)*; Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985)(federal question jurisdiction arises only from the face of a well-pleaded complaint, not the defenses or counterclaims alleged by a defendant); *Watson v. Blankinship*, 20 F.3d 383, 387 (10th Cir. 1994)("The amount in controversy requirement is determined at the time the complaint was filed.")

Defendant's arguments that this result is "inconsiderate" and not fair are simply unavailing. The majority view comports with the established general principles of strictly construing removal statutes and resolving any doubts in favor of remand.  *Varela,* 86 F. Supp. 2d at 1111.

Conclusion.

Defendant has failed to meet his burden to establish the jurisdictional amount.  The amount of his counterclaim cannot supply the needed jurisdictional basis.

Plaintiff's request for attorneys' fees is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion to Remand Case to State District Court is granted, and this case is hereby remanded to the Fifth Judicial Court for the

---

[2] The Court is unpersuaded by contrary authority.  *See Spectacor Management Group v. Brown*, 131 F.3d 120 (3d Cir. 1997).

State of New Mexico.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**